UNITED STATES DISTRICT COURT
Western District of Texas
Austin Division

| | | |
|---|---|---|
| SAVANNAH CRISP<br>*Plaintiff*<br><br>v.<br><br>P&B CAPITAL GROUP, LLC<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:21-cv-00033<br><br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT

1. Plaintiff Savannah Crisp sues for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, to obtain statutory damages, costs, and a reasonable attorney's fee for the Defendant's violations of the FDCPA.

### VENUE

2. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

### THE PARTIES

3. Plaintiff Savannah Crisp ("**Crisp**") is an individual.

4. Defendant P&B Capital Group, LLC ("**P&B**") may be served by serving its registered agent at the following address:

CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

## FACTUAL ALLEGATIONS

5. Crisp allegedly incurred a debt to for a medical procedure in 2014.

6. Crisp did not pay the alleged debt.

7. The alleged debt went into default in 2015.

8. After default, the alleged debt was sold to P&B.

9. P&B is a member of the Association of Credit and Collection Professionals.

10. P&B has on file with the Texas Secretary of State a $10,000 bond wherein Travelers Casualty and Surety Company of America is the surety and P&B is the principal.

11. P&B's surety bond from Travelers Casualty and Surety Company of America is bond number 775224999TX.

12. P&B has on file with the Texas Secretary of State an active surety bond required for a third-party debt collector to lawfully collect consumer debts in Texas.

13. P&B tried to collect the alleged debt from Crisp.

14. On information and belief, P&B attempted to collect the debt from Crisp using the false name of Pacini, Bryant & Associates.

15. Using the name of Pacini, Bryant & Associates, P&B called Crisp.

16. Using the name of Pacini, Bryant & Associates, P&B left Crisp a voice message regarding a pretrial audit and that she had been named as a defendant in a small claims lawsuit.

17. Using the name of Pacini, Bryant & Associates, P&B emailed Crisp a collection letter.

18. The collection letter was dated December 28, 2020.

19. P&B's December 28, 2020 collection letter failed to inform Crisp that the debt was judicially unenforceable.

20. The alleged debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

21. Crisp is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

22. P&B is a "debt collector" as defined by § 1692a(6) of the FDCPA.

## COUNT I. VIOLATION OF THE FDCPA § 1692e

23. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

24. Section 1692e of the FDCPA states:

```
A debt collector may not use any false, deceptive,
or misleading representation or means in connection with
the collection of any debt. Without limiting the general
application of the foregoing, the following conduct is a
violation of this section:

(2) The false representation of—
(A) the character, amount, or legal status of any debt
…
(10) The use of any false representation or deceptive
means to collect or attempt to collect any debt or to
obtain information concerning a consumer.
```

25. P&B violated § 1692e of the FDCPA by falsely representing that Crisp was a defendant in a civil lawsuit to collect the debt.

26. P&B violated § 1692e of the FDCPA by falsely representing that the debt was judicially enforceable.

27. P&B violated § 1692e of the FDCPA by failing to indicate that the debt was old and that the limitations period had run.

## COUNT II. VIOLATION OF FDCPA § 1692f

28. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

29. Section 1692f of the FDCPA states:

```
    A   debt   collector   may   not   use   unfair   or
unconscionable means to collect or attempt to collect
any debt. []
```

30. P&B violated § 1692f by threatening a consumer with a lawsuit on a debt for which the limitations period had run.

## REQUEST FOR RELIEF

31. Plaintiff requests this Court award her:

   a. Statutory damages of $1000 for P&B's violations of the FDCPA;

   b. Costs; and

   c. A reasonable attorney's fee.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully Submitted,
By: s/Tyler Hickle
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
Law Office of Tyler Hickle, PLLC
4005C Banister Lane, Ste. 120
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tyler@hicklepllc.com